PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
tphinney@ffwplaw.com

Proposed Attorneys for
The Roman Catholic Bishop of Santa Rosa

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SANTA ROSA,<br><br>    Debtor In Possession. | CASE NO. 23-10113<br><br>Chapter 11<br><br>Date:    March 16, 2023<br>Time:    1:00 p.m.<br>Location:    1300 Clay Street, Ctrm 215<br>    Oakland, CA<br>    [In person or via Zoom]<br>Judge:    Hon. Charles Novack<br><br>Order Shortening Time |

**OMNIBUS NOTICE OF HEARING ON DEBTOR IN POSSESSION'S MOTIONS FOR:**

**MOTION FOR ORDER (1) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, OPERATIONAL BANK ACCOUNTS AND RELATED INVESTMENT ACCOUNTS; (2) EXCUSING COMPLIANCE WITH SECTION 345(b); AND (3) AUTHORIZING CONTINUED USE OF CURRENT INVESTMENT POLICY**

**MOTION FOR ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, AND EMPLOYEE EXPENSES, TO PAY ACCRUED EMPLOYEE BENEFITS AND TAXES, AND DIRECTING BANKS TO HONOR PAYROLL AND EXPENSE CHECKS**

**DEBTOR'S MOTION FOR ORDER (1) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (2) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION UTILITY SERVICES UNDER 11 U.S.C. § 366, AND (3) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

**DEBTOR'S MOTION TO ESTABLISH NOTICE PROCEDURES AND TO FILE CONFIDENTIAL INFORMATION UNDER SEAL**

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF DONLIN, RECANO & COMPANY, INC. AS CLAIMS AND NOTICING AGENT, AND (II) GRANTING RELATED RELIEF**

**NOTICE IS HEREBY GIVEN** that Roman Catholic Bishop of Santa Rosa, a California corporation sole, the debtor in possession ("RCBSR" or "Debtor in Possession"), has filed five motions seeking immediate relief. These five critical motions (hereafter referred to collectively as the "First Day Motions") seek entry of orders granting the relief described below, and such other relief as is just and appropriate given the circumstances of the First Day Motions and this case.

**NOTICE IS FURTHER GIVEN** that pursuant to an order of the Court shortening time, hearings on the First Day Motions are March 16, 2023, at 1:00 p.m. at the United States Bankruptcy Court, Northern District of California, Santa Rosa Division, before the Honorable Judge Charles Novack (the "First Day Hearings"). The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. All matters will be conducted in person in the courtroom, unless otherwise ordered by the court; interested parties may also appear at the hearing in person or by Zoom Webinar; the information for a Zoom appearance will be included in each calendar posted. The link to the judge's electronic calendar is: https://www.canb.uscourts.gov/judge/novack.

The First Day Motions are supported by the Declaration of Deacon Joe Oberting in support of Chapter 11 Petition and First Day Motions, ("Oberting Background Decl.") and the Declaration of Adrienne Moran in support of Chapter 11 Petition and First Day Motions ("Moran Decl.") and the additional declarations of Joe Oberting in support of each motion. The First Day Motions are described below, filed and served herewith. The titles of each of the First Day Motions followed by a brief description of the relief requested in each First Day Motion, are as follows:

## I. MOTION FOR ORDER (1) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, OPERATIONAL BANK ACCOUNTS AND RELATED INVESTMENT ACCOUNTS; (2) EXCUSING COMPLIANCE WITH SECTION 345(b); AND (3) AUTHORIZING CONTINUED USE OF CURRENT INVESTMENT POLICY

1. The Debtor in Possession moves the Court for an Order (1) Authorizing Continued Use of Existing Cash Management System, Operational Bank Accounts, and Related Investment Account, (2) Excusing Compliance with Section 345(b), and (3) Authorizing Continued Use of Current Investment Policy (the "Cash Management Motion").

2. By the Cash Management Motion, the Debtor in Possession seeks, *inter alia*, entry of an order (a) authorizing the Debtor to continue the use of its existing cash management system and accounting policies and practices, (b) authorizing the Debtor to continue using its prepetition bank accounts and business forms, including a waiver of the requirement that the legend "debtor in possession" be imprinted on any existing checks and business forms, and (c) waiving the Local Rules and United States Trustee Guidelines ("UST Guidelines") to the extent necessary in order for the Debtor to continue its use of its existing cash management system. The Debtor also seeks to continue its investment policies during its bankruptcy case, without posting any bonds pursuant to section 345(b) of the Bankruptcy Code. The Debtor seeks this authorization to ensure its orderly entry into bankruptcy and to help administer its business efficiently and avoid the significant disruptions, distractions, delays and significant expense that otherwise would inevitably divert the Debtor's attention from urgent matters during the initial stages of its bankruptcy case.

3. As described in the Cash Management Motion, all of the relevant banks where the RCBSR's bank accounts are located are FDIC insured banking institutions which have complied with the United States special depository procedures under Bankruptcy Code section 345 and are on the United States Trustee's list of authorized depositories for the Northern District of California except for a stock transfer account at Merrill Lynch. While Merrill Lynch is not an FDIC insured banking institution, it is a subsidiary of Bank of America, the third largest bank in the United States. The two investment type accounts at issue are at the Catholic Community Foundation, which accounts are at Summit State Bank (on the U.S. Trustee approved list) and Catholic Extension, which is an independent 501(c)(3) organization that is not insured by the FDIC.

## II. MOTION FOR ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, AND EMPLOYEE EXPENSES, TO PAY ACCRUED EMPLOYEE BENEFITS AND TAXES, AND DIRECTING BANKS TO HONOR PAYROLL AND EXPENSE CHECKS

4. Debtor in Possession moves the Court for Authority to Pay Prepetition Wages, Salaries and Employee Expenses, to Pay Accrued Employee Benefits and Taxes, and Directing Banks to Honor Payroll and Expense Checks (the "Payroll Motion").

5. By the Payroll Motion, the Debtor requests entry of an order that (i) authorizes but does not direct the Debtor to pay Employee Obligations, Employee Deductions and Employee Expenses (each as described in the Payroll Motion), (ii) authorizes but does not direct the Debtor to continue its practices, programs and policies in effect as of the Petition Date with respect to all Employee Obligations (including allowing employees to use time off accrued, but unused, as of the Petition Date), Employee Deductions and Employee Expenses and (iii) authorizes and directs the bank at which the Debtor maintains an account from which the Debtor's payroll obligations are disbursed and all other banks or lending institutions maintaining payroll and employee benefits accounts to honor and pay all pre-petition and post-petition checks issued or to be issued and fund transfers requested or to be requested, by the Debtor in respect of the Employee Obligations, Employee Deductions and Employee Expenses. The Debtor also seeks authority to issue new post-petition checks or fund transfer requests with respect to pre-petition obligations that may have been dishonored by the banks relating to the Employee Obligations, Employee Deductions and Employee Expenses, if necessary.

6. RCBSR adjusted its regular payroll schedule in light of the bankruptcy filing so that payroll for all Employees prior to the Petition Date was processed and paid on March 10, 2023, and relates to the pay period from March 1, 2023 through March 15, 2023 for salaried employees and February 24, 2023 through March 15, 2023 for the hourly employees. Amounts for hourly employees were estimated based on the time sheets received on March 8, 2023. Thus, the amount of "prepetition" wages that the Debtor seeks to pay postpetition is expected to be under $15,000. This Motion seeks authorization to pay only such amounts that are entitled to priority claim status up to $15,150 under the provisions of sections 507(a)(4) and (a)(5) of the Bankruptcy

Code. The RCBSR believes that approval of the motion is critical to the operations of the Debtor in Possession, and that the amounts at issue are fairly de minimus in the context of this case.

7. The RCBSR has 25 salaried employees and 6 hourly employees. Debtor in Possession projects that it will have $42,000 in accrued and unpaid vacation pay potentially entitled to priority (to be paid in the future if and when such time is taken). Debtor in Possession further seeks authority to continue other employee benefits, which RCBSR believes are current.

**III. DEBTOR'S MOTION FOR ORDER (1) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (2) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION UTILITY SERVICES UNDER 11 U.S.C. § 366, AND (3) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT.**

8. The Debtor in Possession moves (the "Utility Motion") for entry of an order after an interim hearing (1) prohibiting utility companies from altering, refusing or discontinuing service; (2) determining that the Debtor's furnishing of deposits to utility companies listed on Exhibit A to the motion in an amount that represents fifty percent of the Debtor's estimated average monthly usage over the past twelve months of such utility respectively constitutes adequate assurance of payment; (3) establishing procedures for assurance requests by the affected utilities and for determining adequate assurance of payment; and (4) scheduling a final hearing thereon.

9. The Debtor in Possession's ongoing business operations require it to maintain uninterrupted utility services including electricity, natural gas, telephone, water, waste removal, internet and other services. Termination of a utility service would cause immediate and irreparable harm to the Debtor in Possession's operations and critical reorganization efforts. The Debtor in Possession has multiple facilities and receives utility services from numerous utility companies, as described in the Utility Motion, and listed on Exhibit A to the motion.

**IV. DEBTOR'S MOTION TO ESTABLISH NOTICE PROCEDURES AND TO FILE CONFIDENTIAL INFORMATION UNDER SEAL**

10. The Debtor in Possession has also filed a Motion for Order Establishing Notice Procedures and to File Confidential Information under Seal (the "Limit Notice Motion"). For the

reasons further described in the Limit Notice Motion, the Debtor in Possession requests entry of an order limiting notice on various matters only to the affected parties as described therein. Further, the Debtor in Possession also requests permission to file the schedules, any other pleadings and proofs of service to the extent they contain non-public names of abuse claimants and potential abuse claimants under seal in order to protect such individuals' privacy rights.

V. **DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF DONLIN, RECANO & COMPANY, INC. AS CLAIMS AND NOTICING AGENT, AND (II) GRANTING RELATED RELIEF**

11. The Debtor in Possession has filed an application (the "Application") for the entry of an order, pursuant to section 156(c) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 and Rules 9013-1(a) and 5075-1(b) of the Federal Rules of Bankruptcy Procedures (a) appointing Donlin, Recano & Company, Inc. ("DRC") as claims and noticing agent (the "Claims and Noticing Agent") for the Debtor in this Bankruptcy Case effective as of the Petition Date including assuming full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in the Debtor's Bankruptcy Case, and (b) granting related relief. In support of the Application, the Debtor submits the Declaration of Nellwyn Voorhies, President of DRC (the "Voorhies Declaration") (Exhibit B), and proposed specific terms of DRC's retention in the proposed Engagement Agreement (Exhibit C).

12. By separate application, the Debtor will seek authorization to retain and employ DRC as administrative advisor in the Bankruptcy Case pursuant to section 327(a) of the Bankruptcy Code because the administration of this Bankruptcy Case will require DRC to perform duties outside the scope of 28 U.S.C. § 156(c).

**NOTICE IS FURTHER GIVEN** that the Debtor also requests that the Court set final hearings, for approval of any interim relief granted in the First Day Motions. You will be provided notice of the date of any further or final hearings on the First Day Motions at a later time.

**NOTICE IS FURTHER GIVEN** that this notice does not contain all the particulars of the First Day Motions or supporting documents for the First Day Motions, nor does it summarize all of the evidence submitted in support of the First Day Motions. For further specifics concerning the

First Day Motions and the relief requested, you are encouraged to review the First Day Motions and the supporting evidence, including the supporting Declarations, copies of which may be obtained from the website to be maintained by the Debtor's proposed Claims Agent, Donlin Recano, at https://www.donlinrecano.com/rcbsr . You may also access these documents from the Court's Pacer system (requires a subscription). The web page address for the United States Bankruptcy Court for the Northern District of California is http://www.canb.uscourts.gov

**NOTICE IS FURTHER GIVEN** that any opposition to the granting of the relief sought at the First Day Hearings may be made at the hearing. If you or your attorney do not attend, the Court may decide that you do not oppose the relief sought in the First Day Motions and may enter orders granting the relief requested.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Dated: March 13, 2023

                FELDERSTEIN FITZGERALD
                WILLOUGHBY PASCUZZI & RIOS LLP

                By:*/s/ Paul J. Pascuzzi*
                   PAUL J. PASCUZZI
                   Proposed Attorneys for The Roman
                   Catholic Bishop of Santa Rosa