PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
tphinney@ffwplaw.com

The following constitutes the order of the Court.
Signed: March 17, 2023

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

Proposed Attorneys for
The Roman Catholic Bishop of Santa Rosa

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SANTA ROSA,<br><br>Debtor In Possession. | CASE NO. 23-10113<br><br>Chapter 11<br><br>Date: March 16, 2023<br>Time: 1:00 p.m.<br>Location: 1300 Clay Street, Ctrm. 215<br>Oakland, CA<br>[In person or via Zoom]<br>Judge: Hon. Charles Novack<br><br>Order Shortening Time |

**INTERIM ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION WAGES, SALARIES AND EMPLOYEE EXPENSES, TO PAY ACCRUED EMPLOYEE BENEFITS AND TAXES, AND DIRECTING BANKS TO HONOR PAYROLL AND EXPENSE CHECKS**

The motion of The Roman Catholic Bishop of Stockton ("Debtor in Possession") seeking entry of an order authorizing the Debtor in Possession to pay prepetition wages, salaries and employee expenses, to pay accrued employee benefits and taxes, and directing banks to honor payroll and expense checks (the "Motion"), came on for hearing on March 16, 2023, at 1:00 p.m.,

in Courtroom 215 of the United States Bankruptcy Court for the Northern District of California. The Debtor in Possession appeared through its counsel, Paul J. Pascuzzi. Other appearances were noted on the record. All capitalized terms used but not defined in this Order shall have the meanings given to them in the Motion.

The Court has considered the Motion, the Declaration of Joe Oberting regarding description of Debtor in Possession and Pre-Filing History filed on March 13, 2023, the Declaration of Joe Oberting filed in support of this Motion, the United States Trustee's Omnibus Objection to Debtor's First Day Motions [ECF Nos. 5, 6 and 8] and Reservation of Rights, and the matters reflected in the record of the hearing held on the Motion on March 16, 2023. The Court having found that it has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the United States Trustee, the twenty largest unsecured creditors, all secured creditors, and any applicable governmental entities; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor in Possession, its estate, and its creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1. The Motion (docket no. 6) is GRANTED subject to the provisions hereof below.[1]

2. The Debtor in Possession is authorized, but not directed, to pay to its Employees all Employee Obligations, Employee Deductions and Employee Expenses that have accrued by virtue of the services rendered by its Employees prior to the Petition Date up to the amounts entitled to priority claim status under the provisions of section 507(a) of the Bankruptcy Code. The Employee Obligations, Employee Deductions and Employee Expenses that the Debtor is authorized to pay are described in the Motion and include, without limitation, the following: wages, salary, retirement, healthcare and other benefit programs up to the amounts entitled to priority claim status under the provisions of section 507(a) of the Bankruptcy Code.

3. The Debtor in Possession is authorized, but not directed, to pay all local, state, and federal withholding and payroll taxes (including those accrued for pre-petition periods) or have

---

[1] Capitalized terms have the definitions referenced in the Motion unless otherwise defined herein.

such taxes paid by third-party payroll administrators.

4. The Debtor in Possession is authorized, but not directed, to continue its practices, programs and policies in effect as of the Petition Date with respect to all Employee Obligations (including allowing employees to use time off accrued, but unused, as of the Petition Date) up to the amounts entitled to priority claim status under the provisions of section 507(a) of the Bankruptcy Code.

5. Debtor in Possession is not authorized to make its portion of payments for the "frozen" Diocesan Defined Benefit Lay Plan until further order of the Court; provided however that the Debtor in Possession is authorized to continue to administer the such payments by any applicable Non-Debtor Catholic Entities.

6. The bank at which the Debtor in Possession maintains an account from which the Debtor in Possession's payroll obligations are disbursed and all other banks or lending institutions maintaining payroll and employee benefits accounts are authorized, but not directed, to honor and pay all pre-petition and post-petition checks issued or to be issued and fund transfers requested or to be requested, by the Debtor in Possession in respect of the Employee Obligations, Employee Deductions and Employee Expenses.

7. The Debtor in Possession is authorized, but not directed, to issue new post-petition checks or fund transfer requests with respect to pre-petition obligations that may have been dishonored by the banks relating to the Employee Obligations, Employee Deductions and Employee Expenses, if necessary, to the extent such are up to the amounts entitled to priority claim status under the provisions of section 507(a) of the Bankruptcy Code.

8. The Debtor in Possession is authorized, but not directed, to continue to administer the insurance programs and Health Plan pursuant to the Servicing Agreements.

9. Nothing in this Order authorizes the Debtor in Possession to make any payments that benefit, directly or indirectly, any credibly accused perpetrator of abuse, whether for wages, support, housing, prepetition claims, retirement or otherwise.

10. The Debtor in Possession shall provide the U.S. Trustee a list of Employees to be paid pre-petition wages or expense reimbursements under this Order including accrual dates and

amounts to be paid to each Employee and shall file with the Court a summary of the information. If the U.S. Trustee notifies the Debtor in Possession within 3 business days that it objects to the payment of any pre-petition expense reimbursement, the Debtor in Possession shall not reimburse the business expense and may seek court authorization to reimburse the expenses at the final hearing on this motion or at another time.

11. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12. To the extent the fourteen day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

13. The final hearing on the Motion shall be heard on April 5, 2023, at 11:00 a.m. Opposition, if any, to the granting of the Motion on a final basis shall be filed by March 31, 2023. The Debtor's reply to any opposition may be filed in advance of or raised at the hearing.

14. Counsel for the Debtor in Possession is directed to serve a copy of this Order on all parties on the Limited Service List as defined in the Debtor's Motion for Order Establishing Notice Procedures and to File Confidential Information Under Seal on file herein within three (3) court days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

APPROVED AS TO FORM.

OFFICE OF THE UNITED STATES TRUSTEE

By: __/s/ Jason Blumberg_____
    Jason Blumberg

* * * END OF ORDER * * *

## Court Service List

No service required.