The following constitutes the order of the Court.
Signed: March 17, 2023

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
tphinney@ffwplaw.com

Proposed Attorneys for
The Roman Catholic Bishop of Santa Rosa

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SANTA ROSA,<br><br>Debtor In Possession. | CASE NO. 23-10113<br><br>Chapter 11<br><br>Date: March 16, 2023<br>Time: 1:00 p.m.<br>Location: 1300 Clay Street, Ctrm. 215<br>Oakland, CA<br>[In person or via Zoom]<br>Judge: Hon. Charles Novack<br><br>Order Shortening Time |

**INTERIM ORDER APPROVING MOTION TO ESTABLISH NOTICE PROCEDURES AND TO FILE CONFIDENTIAL INFORMATION UNDER SEAL**

The motion of The Roman Catholic Bishop of Santa Rosa, ("Debtor") seeking entry of an order establishing notice procedures and allowing the filing of confidential information under seal (the "Motion"), came on for hearing on March 16, 2023, at 1:00 p.m., in Courtroom 215 of the United States Bankruptcy Court for the Northern District of California. The Debtor appeared through its counsel, Paul J. Pascuzzi. Other appearances were noted on the record. All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the Declaration of Joe Oberting in Support of Chapter 11 Petition and First Day Motions, the Declaration of Joe Oberting filed in support of the Motion, the Objections filed by the United States Trustee, and the matters reflected in the record of the hearing held on the Motion. The Court having found that it has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the United States Trustee, the twenty largest unsecured creditors, all secured creditors, if any, and any applicable governmental entities; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief,

IT IS HEREBY ORDERED as follows:

1. The Motion (docket no. 8) is GRANTED on an interim basis as set forth herein.

2. The Debtor shall establish and file a limited service list (the "Limited Service List") that shall initially include the following parties-in-interest: (i) the Office of the United States Trustee for the Northern District of California; (ii) the Debtor; (iii) the attorneys for the Debtor; (iv) the Debtor's twenty (20) largest unsecured creditors, or the attorneys for the Creditors' Committee once a committee has been appointed;[1] (v) the attorneys for any other committee appointed by the U.S. Trustee; (vi) the attorneys for the Debtor's pre-petition secured creditors, if any; (vii) those persons who have filed a Notice of Appearance or Request for Notice in this case pursuant to Bankruptcy Rule 2002 and (viii) the Internal Revenue Service, and corresponding state agencies, as well as other governmental agencies, to the extent required by the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Northern District of California (the "Local Rules").

3. Any party-in-interest wishing to be included on the Limited Service List shall file a notice of such request with the Court on the docket of the case (by CM/ECF for those who are authorized users or, for those who are not authorized CM/ECF users, by submitting a paper copy,

---

[1] With respect to the Debtor's twenty largest unsecured creditors, at such time as the Creditors' Committee is appointed, the Debtor in Possession will add the attorneys for the Creditors' Committee to the Limited Service List and will remove the Debtor's twenty largest unsecured creditors.

my mail or in person, to the Clerk of the court, at the following address: The Clerk of the United States Bankruptcy Court for the Northern District of California, Oakland Division, 1300 Clay St, Suite 300, Oakland, CA 94612) and serve a written copy of such request to the Debtor's bankruptcy counsel at the following address: Paul J. Pascuzzi, Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP, 500 Capitol Mall, Suite 2250, Sacramento, CA 95814, ppascuzzi@ffwplaw.com.

4. The Debtor shall update the Limited Service List to include those persons or parties who have made a written request to be included on the Limited Service List: (i) whenever the Debtor files a motion; (ii) every seven (7) days during the first thirty (30) calendar days of this case; and (iii) monthly thereafter throughout the pendency of this case. The Debtor will file with the Court a notice of each updated Limited Service List if it includes changes from the last Limited Service List filed with the Court.

5. The Limited Service List shall clearly identify interested parties and their counsel who participate in the Court's Electronic Case Filing ("ECF") system.

6. Any person filing a pleading or a paper in this case shall serve such pleading or paper on (a) all parties-in-interest listed on the most recent Limited Service List, and (b) any creditor or other party-in-interest whose interests are likely to be affected directly by the pleading or proceeding. The serving party shall file with the Court an affidavit or certificate of service and an attached list of parties receiving notice within three (3) business days of service. The affidavit or certificate of service can state that all parties on the Limited Service List were served in lieu of individually identifying each party on the Limited Service List, in which case, it shall indicate the date of the Limited Service List used.

7. The electronic service by email which includes as a PDF attachment the documents served by any person who participates in the ECF system or provides an email address on a request for notice constitutes service of the pleading or paper and no conventional hard copy service on such interested party shall be required, *provided however*, that notices required by Bankruptcy Rule 2002(a)(1), (4), (5), and (7), and (b)(1) and (2) shall be served by mail in hard copy.

///

///

8. Notwithstanding the foregoing, the following shall be provided to all known creditors and other parties-in-interest, at their last address known to the Debtor, unless otherwise ordered by the Court: (i) notice of the first meeting of creditors pursuant to section 341 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"); (ii) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) notice of the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement or confirmation of a plan of reorganization; and (iv) notice and transmittal of ballots for accepting or rejecting a plan of reorganization.

9. The Debtor is directed to serve a copy of this Order on all creditors on the Creditor Matrix along with a simple form to submit to request notice in the form substantially the same as that attached to the Motion within five (5) business days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

10. Notices under Bankruptcy Rules 2002(a)(2), 2002(a)(3) and 2002(a)(6) shall be served on all parties identified in Rule 2002(a) until the U.S. Trustee appoints an official committee on unsecured creditors. After such appointment, notices under Bankruptcy Rules 2002(a)(2), 2002(a)(3) and 2002(a)(6) may be served on the Limited Service List only. Notice for the matters specified in Bankruptcy Rules 2002(a)(4) and 2002(a)(5) shall be served on all parties identified in Rule 2002(a).

11. Complaints, summons, and contested matters shall be served on parties directly affected by the pleading or proceeding in the manner prescribed by Federal Bankruptcy Rules 7004 and 9014(b), unless such party expressly consents to electronic service.

12. The Debtor is authorized to file the portions of the schedules, any other pleadings and proofs of service containing non-public names of abuse claimants and potential abuse claimants under seal until further order of this Court. Pursuant to 11 U.S.C. § 107(c)(3), the Debtor shall provide unredacted copies of any such sealed documents to the U.S. Trustee.

///

///

///

13. The final hearing on the Motion shall be heard on April 5, 2023, at 11:00 a.m. Opposition, if any, to the granting of the Motion on a final basis shall be filed by March 31, 2023. The Debtor's reply to any opposition may be filed in advance of or raised at the hearing.

APPROVED AS TO FORM.

OFFICE OF THE UNITED STATES TRUSTEE

By: __/s/ Jason Blumberg_____
    Jason Blumberg

***END OF ORDER***

<u>Court Service List</u>

No service required.