The following constitutes the order of the Court.
Signed: May 1, 2023

_____
Charles Novack
U.S. Bankruptcy Judge

PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
tphinney@ffwplaw.com

Attorneys for
The Roman Catholic Bishop of Santa Rosa

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SANTA ROSA DIVISION

| | |
|---|---|
| In re: <br><br> THE ROMAN CATHOLIC BISHOP OF SANTA ROSA, <br><br> Debtor In Possession. | CASE NO. 23-10113 <br><br> Chapter 11 <br> Date: April 28, 2023 <br> Time: 11:00 a.m. <br> Location: 1300 Clay Street, Ctrm. 215 <br> Oakland, CA <br> [In person or via Zoom] <br> Judge: Hon. Charles Novack <br><br> Order Shortening Time |

*AMENDED*[1] **INTERIM ORDER (1) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, OPERATIONAL BANK ACCOUNTS AND RELATED INVESTMENT ACCOUNTS; (2) EXCUSING COMPLIANCE WITH SECTION 345(b); AND (3) AUTHORIZING CONTINUED USE OF CURRENT INVESTMENT POLICY**

The motion of The Roman Catholic Bishop of Santa Rosa ("Debtor"), debtor in possession, seeking entry of an order (1) authorizing continued use of existing cash management system, operational bank accounts and related investment accounts; (2) excusing compliance with section 345(b); and (3) authorizing continued use of current investment policy (the "Motion"), came on for further hearing on April 28, 2023, at 11:00 a.m., in Courtroom 215 of the United States Bankruptcy

---
[1] This order is amended after the hearing on April 28 as to the provisions in paragraph 8 below and to note the continued final hearing date in paragraph 15.

-1-

*AMENDED INTERIM* ORDER AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT

Court for the Northern District of California. The Debtor appeared through its counsel, Paul J. Pascuzzi. Other appearances were noted on the record. All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the Declaration of Deacon Joe Oberting in Support of Chapter 11 Petition and First Day Motions, the Declaration of Deacon Joe Oberting filed in support of the Motion, the Declaration of Adrienne Moran in Support of Chapter 11 Petition and First Day Motions, the United States Trustee's Omnibus Objection to Debtor's First Day Motions [ECF Nos. 5, 6 and 8] and Reservation of Rights (the "U.S. Trustee Objection"), the United States Trustee's objection to final approval of the Motion (Docket No. 70), and the matters reflected in the record of the hearing held on the Motion on March 16, 2023 and on April 28, 2023. The Court having found that it has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the United States Trustee, the twenty largest unsecured creditors, all secured creditors, if any, and any applicable governmental entities; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1. The Motion (Docket No. 5) is GRANTED on an interim basis as set forth herein;

2. The Debtor is authorized to: (a) designate, maintain, and continue to use its existing bank accounts disclosed in the Motion with the same account numbers, provided however that the Debtor in Possession shall use its best efforts to arrange for the accounts to be designated as debtor in possession accounts by the relevant banks; and (b) continue to use its existing cash management system disclosed in the Motion. In connection with the ongoing utilization of the cash management system, the Debtor shall continue to maintain strict records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between pre-petition and post-petition transactions.

3. Each of the Debtor's existing depository and disbursement banks (collectively, the "Banks") is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts which are

cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtor's accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

4. Any of the Debtor's Banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court without any duty of further inquiry and without liability for following the Debtor's instructions.

5. That (i) those certain existing deposit agreements between the Debtor and its Banks shall continue to govern the post-petition cash management relationship between the Debtor and the Banks, and that all of the provisions of such agreements, including, without limitation, the fee provisions, shall remain in full force and effect, and (ii) the Debtor and the Banks may, without further Order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business

6. The Debtor and the Banks are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except to the extent otherwise directed by the terms of this Order. The parties to such agreements shall continue to enjoy the rights and remedies afforded to them under such agreements, except to the extent modified by the terms of this Order or by operation of the Bankruptcy Code.

7. The Debtor is authorized to continue to use its existing business forms and stationery without alternation or change.

8. The Debtor is authorized to continue its current investment practices as described in the Motion and related pleadings, including but not limited to the use of the Merrill Lynch Stock Transfer Account, the Extension Mission Diocese account and funds on deposit with the Catholic Community Foundation. Pending further order of this Court, the Debtor in Possession is not

authorized to use or transfer funds in the PNC Investment account or the Extension Mission Diocese account. The Debtor is authorized to move its funds on deposit with the Catholic Community Foundation to a Debtor in Possession account at a financial institution that has entered into an authorized depository agreement with the United States Trustee with respect to the Northern District of California.

9. The Debtor shall use its best efforts have its existing accounts at Wells Fargo, West America Bank, Summit State Bank and U.S. Bank designated by these banks as "Debtor in Possession" accounts and shall report on such efforts at the final hearing on this Motion. The Debtor and the U.S. Trustee shall meet and confer as to the U.S. Trustee's objections in paragraphs 25 and 27 of the U.S. Trustee Objection.

10. Neither this Order, nor the Debtor's payment of any amounts authorized by this Order, shall: (i) result in any assumption of any executory contract by the Debtor; (ii) result in a commitment to continue any plan, program, or policy of the Debtor; or (iii) impose any administrative, pre-petition, or post-petition liabilities upon the Debtor.

11. In granting the Motion, the Court is not making any findings or determinations as to what is or is not property of the estate. Nothing herein constitutes a judicial approval or disapproval, or judicial determination, of what assets are or are not restricted or held in trust or property of the estate or what expenditures are reasonable or appropriate.

12. To the extent the fourteen day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

13. Nothing in this Order authorizes the Debtor to make any payments that benefit, directly or indirectly, any credibly accused perpetrator of abuse, whether for wages, support, housing, prepetition claims, retirement or otherwise.

14. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

//

//

//

-4-

*AMENDED INTERIM* ORDER AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT

Case: 23-10113    Doc# 166    Filed: 05/01/23    Entered: 05/02/23 10:43:06    Page 4 of 6

15. The final hearing on the Motion is continued to May 12, 2023, at 11:00 a.m.

APPROVED AS TO FORM.

OFFICE OF THE UNITED STATES TRUSTEE

By: */s/ Jason Blumberg*
    Jason Blumberg

STINSON LLP

By: */s/ Robert T. Kugler*
    Robert T. Kugler
    Attorneys for the Official Committee of Unsecured Creditors

**\*\*\*END OF ORDER\*\*\***

**Court Service List**

No service required