PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
tphinney@ffwplaw.com

Attorneys for
The Roman Catholic Bishop of Santa Rosa

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SANTA ROSA,<br><br>              Debtor In Possession. | Case No. 23-10113<br><br>Chapter 11<br><br>Date: June 7, 2023<br>Time: 11:00 a.m.<br>Location: 1300 Clay Street, Ctrm. 215<br>              Oakland, CA 94612<br>              [In person or via Zoom]<br>Judge: Hon. Charles Novack |

**MOTION FOR APPROVAL OF (1) TERMINATION OF PRIEST'S SUPPLEMENTAL RETIREMENT PLAN (SERP) (2) TRANSFER OF FUNDS, AND (3) PAYMENT OF TRUST TERMINATION EXPENSES**

The Roman Catholic Bishop of Santa Rosa (the "RCBSR" or the "Debtor"), hereby files this Motion for Approval of Termination of Priest's Supplemental Retirement Plan (SERP), transfer of funds, and payment of Trust termination expenses (the "Motion"). In support of this Motion, the Debtor relies upon the Declaration of Deacon Joe Oberting in support of this Motion ("Oberting Motion Decl."), exhibits filed in support of the Motion, and the Declaration of Deacon Joe Oberting Regarding the First Day Declaration ("Oberting Background Decl.") filed on March 13, 2023 (Dkt. No. 13).

-1-
MOTION FOR APPROVAL OF: (1) TERMINATION OF RETIREMENT SERP; (2) TRANSFER FUNDS, AND (3) PAYMENT OF TRUST TERMINATION EXPENSES

Case: 23-10113   Doc# 195   Filed: 05/10/23   Entered: 05/10/23 14:54:48   Page 1 of 8

## JURISDICTION

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory basis for relief are sections 105, 503, 542, 363(b) and 363(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code").

## RELIEF REQUESTED

By this Motion, the Debtor asks the Court for entry of an order authorizing the Debtor to enter into a stipulation (the "Stipulation") with U.S. Bank National Association ("U.S. Bank" or "Trustee") in its capacity as trustee under the Trust Agreement for The Diocese of Santa Rosa Priests Supplemental Retirement Plan (SERP[1]) for turnover of the trust funds currently in the Trustee's possession pursuant to the Trust Agreement as described below, less the Trustee's reasonable expenses and attorney fees; provided however that the Bankruptcy Court shall retain jurisdiction to resolve any dispute regarding the amount of expense and fees. Submitted herewith as <u>Exhibit A</u> is a proposed order. Submitted herewith as <u>Exhibit B</u> is the parties' Stipulation attached to which are the relevant Plan and Trust documents. The Debtor has obtained and incorporated comments from counsel for the Committee relating to this Motion.

## STATEMENT OF FACTS

1. On March 13, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in this case.

2. On April 25, 2023, the Office of the United States Trustee for the Northern District of California appointed a statutory committee of unsecured creditors ("Committee") in this case pursuant to section 1102 of the Bankruptcy Code (Dkt No. 151).

3. The Diocese of Santa Rosa (the "Diocese") was established in 1962 and

---

[1] "SERP" refers to a Supplemental Executive Retirement Plan, which is a form of non-qualified deferred compensation plan.

MOTION FOR APPROVAL OF: (1) TERMINATION OF RETIREMENT SERP; (2) TRANSFER FUNDS, AND (3) PAYMENT OF TRUST TERMINATION EXPENSES

-2-

Case: 23-10113   Doc# 195   Filed: 05/10/23   Entered: 05/10/23 14:54:48   Page 2 of 8

comprises the six counties of Sonoma, Napa, Mendocino, Lake, Humboldt and Del Norte. The RCBSR provides resources, spiritual leadership, direction, support, planning, programming, leadership development and other services to approximately 42 Parishes, other Catholic-based entities and organizations which operate in the Diocese, and individuals of the Roman Catholic faith.

4. In December 2006, the RCBSR established the "Diocese of Santa Rosa Priests Supplemental Retirement Plan (SERP)" ("Plan" also commonly referred to as the "SERP"), for the purpose of providing retirement benefits primarily for the Bishop of the Diocese (collectively, the "Participants"). A copy of the SERP is attached to the Stipulation as Exhibit 1. On February 1, 2010, the Plan was amended as shown on Amendment No. 1 to the Plan, also attached to the Stipulation as Exhibit 1.

5. The SERP is structured as a nonqualified retirement benefit plan. Under applicable rules and regulations, to secure this tax-sheltered status, the Participants' interests in the Plan are expressly subject to the claims of the Debtor's creditors.

6. In January 2007, the RCBSR and Union Bank entered into the Trust Agreement for the Diocese of Santa Rosa Priests Supplemental Pension Plan ("Trust Agreement"). A copy of the Trust Agreement is attached to the Stipulation as Exhibit 2.

7. In 2012, U.S. Bank acquired Union Bank's trust business and succeeded to Union Bank's rights as Trustee under the Trust Agreement pursuant to California Financial Code § 4879.14.

8. The Trust Agreement provides for the establishment of a "rabbi" trust[2] (the "Trust") to hold and invest contributions to, and assets received in connection with, the Plan. The Trust Agreement provides that the Trust is intended to be a "grantor trust" within the meaning of subpart E, part I, subchapter J, chapter 1, subtitle A of the Internal Revenue Code of 1986, as amended. See Trust Agreement § 1.3.

9. Sections 9.2 and 9.3 of the Trust Agreement provide that "the Trustee shall be

---

[2] The term "rabbi" is applied to this type of trust because the Internal Revenue Service first addressed the tax treatment of such a trust in the context of a trust established by a congregation for its rabbi.

entitled to reasonable fees for services rendered in the amounts agreed to be reimbursed out of the assets held in the Trust for reasonable expenses incurred upon from time to time by the Bishop and the Trustee," and that such fees, including attorney fees, may be paid out of the Trust Fund.

10. Section 1.4 of the Trust Agreement provides in part that "[a]ny assets held by the Trust will be subject to the claims of the [RCBSR]'s general creditors under federal and state law in the event of Insolvency, as defined in Section 3.1, herein." Trust Agreement § 1.4. Sections 3.1 and 3.2 of the Trust Agreement provide that upon the RCBSR being "subject to a pending proceeding as a debtor under the United States Bankruptcy Code [ ]" "[t]he Trustee shall cease payment of benefits to the Priests" and that the assets of the Trust are subject to the claims of the RCBSR's general creditors. Trust Agreement §§ 3.1 and 3.2. On or about March 13, 2023, the Debtor notified the Trustee of the commencement of the Debtor's chapter 11 case. The Trustee has not made any additional payment to the Participants from the Trust since receiving that notification.

11. The SERP Trust funds are listed at ¶3.20 of Schedule B on the Debtor Schedules (US Bank account # 5400). The SERP Trust holds cash in a Money Market Deposit Account, two Mutual Funds (holding Equity Assets), and two Mutual Funds holding Fixed Income Fund assets. As of the date of this stipulation, the valuation of the assets is approximately $274,017.89 which value can fluctuate from time to time. These funds, including any accruals or changes in values, are referred to herein as the "SERP Trust Funds."

12. The Debtor believes that the Trustee now holds the assets of the Trust for the benefit of the Debtor's creditors.

13. The Debtor and the Trustee have agreed that the Trustee will return to Debtor all trust assets (the SERP Trust Funds) currently in the Trustee's possession pursuant to the Trust Agreement, less the Trustee's reasonable expenses and attorney fees.

14. The Debtor will give notice of this Stipulation to all Participants, and such other creditors and parties in interest as required by the Bankruptcy Code.

///

-4-

MOTION FOR APPROVAL OF: (1) TERMINATION OF RETIREMENT SERP; (2) TRANSFER FUNDS, AND (3) PAYMENT OF TRUST TERMINATION EXPENSES

Case: 23-10113   Doc# 195   Filed: 05/10/23   Entered: 05/10/23 14:54:48   Page 4 of 8

## REQUEST FOR APPROVAL OF STIPULATION FOR TURNOVER

The Debtor and Trustee seek entry of an order pursuant to sections 105 and 542 of the Bankruptcy Code, approving this Stipulation and directing the Trustee to return to the Debtor all SERP Trust Funds in its possession pursuant to the Trust Agreement, as follows:

1. The Trustee shall turn over the SERP Trust Funds to the Debtor, minus the Trustee's reasonable expenses and attorney fees, within fifteen (15) days after entry of an order in form and substance acceptable to the Trustee, approving this Stipulation, provided that no appeal, motion for rehearing or other motion for relief from such order has been filed prior to the expiration of such period. Contemporaneously with the turnover of such funds to the Debtor, the Trustee is authorized to apply the funds remaining in the Trust in full satisfaction of the Trustee's reasonable expenses and attorney fees; provided, however, in the event the Debtor objects to the expenses and attorney fees sought by the Trustee, the Bankruptcy Court shall retain jurisdiction to resolve any dispute regarding the amount of said fees and expenses.

2. Upon the receipt of the SERP Trust Funds by the Debtor, the Trust Agreement shall be deemed terminated and all duties and obligations of the Debtor and the Trustee under the Trust Agreement shall be terminated.

3. Upon termination of the Trust Agreement and turnover of the SERP Trust Funds to the Debtor, minus the Trustee's reasonable expenses and attorney fees, the Trustee will have fulfilled its duties in administration of the Trust in accordance with its terms and applicable law, and shall not be liable to any Participant or creditor, with respect to the Trust Agreement, the SERP Trust Funds, or the Trust.

4. All parties in interest reserve all rights to seek an Order of the Court that the SERP Trust Funds are property of the estate, and nothing in this Stipulation shall be construed to be a waiver of that claim.

## LEGAL ARGUMENT

**A. Turnover of the SERP Trust Funds**

The commencement of the bankruptcy case "creates an estate." *See* 11 U.S.C. § 541(a). The bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of

the commencement of the case." *See* 11 U.S.C. § 541(a)(1).

The Trust Agreement expressly states that the SERP Trust Funds are subject to the claims of the RCBSR general creditors. See Trust Agreement at § 1.4. Accordingly, upon commencement of the Debtor's chapter 11 case, the SERP Trust Funds became property of the Debtor's bankruptcy estate. *See, e.g., Bank of America, N.A., v. Moglia (In re Outboard Marine Corp.)*, 278 B.R. 778 (N.D. Ill. 2002), *aff'd*, 330 F.3d 942 (7th Cir. 2003) (rabbi trust *res* is property of the estate).

Section 542 of the Bankruptcy Code requires any entity, other than a custodian, in possession, custody or control of property that (a) a debtor may use, sell or lease under section 363 of the Bankruptcy Code and (b) has more than inconsequential value, to deliver such property to the debtor. *See* 11 U.S.C. § 542.[3]

The Trustee is an entity as defined in section 101(15) of the Bankruptcy Code. Due to the bankruptcy, the estate is the beneficiary of the SERP Trust Funds valued at approximately $270,000. Accordingly, the Trustee requests, pursuant to section 542 of the Bankruptcy Code, for the Trustee to deliver the SERP Trust Fund to the Debtor. The Trust Agreement provides that upon bankruptcy the SERP Trust Funds shall be held for the benefit of RCBSR's creditors. Accordingly, the Debtor and the Trustee seek an order directing the turnover of the SERP Trust Funds to the Debtor's bankruptcy estate.

The entry of an order directing the Trustee to return the SERP Trust Funds to the Debtor is supported by applicable case law. *See, e.g., In re Alpha Natural Res., Inc.* 554 B.R. 787 (Bankr. E.D.Va.2016) (approving Termination of Rabbi trust and turnover of funds); *In re Collins & Aikman Corp.*, 2006 Bankr. LEXIS 1724 at *8-11, 2006 WL 2310798 at *3-4 (Bankr. E.D. Mich. Aug. 9, 2006) (holding that a rabbi trust *res* was property of the estate and, thus, subject to turnover); *Goodman*, 7 F.3d at 1125 (4th Cir. 1993) (holding that *res* of grantor trust was reachable by a receiver to satisfy claims of debtor's creditors); *In re Penn Cent. Transp.*

---

[3] Alternatively, 11 U.S.C. § 543 of the Bankruptcy Code (regarding the turnover of estate assets held by a custodian) may be applicable to the Trustee. To the extent, that the Court determines that section 543 of the Bankruptcy Code, rather than section 542 of the Bankruptcy Code applies to the Trustee, the Debtor respectfully requests that this motion be considered a request for approval of the Stipulation under section 543 of the Bankruptcy Code.

*Co.*, 354 F. Supp. 408, 416 (E.D. Pa. 1973) (tax driven deferred compensation plan vulnerable in bankruptcy, and executives that participated in plan had no interest in plan funds, but held only unsecured claims against employer), *aff'd*, 484 F.2d 1300 (3d Cir. 1973), *cert. denied*, 415 U.S. 951 (1974); see also *Dunmore Homes, Inc.,* (Case No. 07-13533) (Bankr. S.D. N.Y.) Order, Pursuant to Sections 105 and 542 of the Bankruptcy Code, Approving Stipulation for Turnover of Rabbi Trust Funds and Directing Return of Trust Funds (Dkt. No. 179; December 20, 2007).

**B.     Payment of Post-Petition Plan Expenses**

The Debtor seeks authority to pay the expenses of the Trustee from the SERP Trust Funds as provided for and required by the Plan and Trust, which are the actual and necessary expenses of administering and terminating the Trust.

**CONCLUSION**

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order:

1.     Authorizing the Debtor to enter into the Stipulation and to take all actions reasonably necessary to perform its duties under the Stipulation;

2.     Approving, the Stipulation for Turnover of SERP Trust Funds ("Stipulation") filed with the Motion as Exhibit B.

3.     As provided in the Stipulation, directing the Trustee to turn over the SERP Trust Funds to the Debtor, minus the Trustee's reasonable expenses and attorney fees, within fifteen (15) days after entry of this order, provided that no appeal, motion for rehearing or other motion for relief from such order has been filed prior to the expiration of such period. The Court reserves the jurisdiction to resolve any dispute relating to the amount of the Trustee's expenses and fees.

4.     Upon receipt of the SERP Trust Funds by the Debtor, the Trust Agreement shall be deemed terminated, and all duties and obligations of the Debtor and the Trustee under the Trust Agreement shall be terminated.

5.     Pending further order of this Court, the Debtor shall hold the SERP Trust Funds in a segregated account and not use them for any purpose.

6.     All parties in interest reserve all rights to seek an Order of the Court that the SERP Trust Funds are property of the estate, and nothing in this Stipulation shall be construed to be a

MOTION FOR APPROVAL OF: (1) TERMINATION OF RETIREMENT SERP; (2) TRANSFER FUNDS, AND (3) PAYMENT OF TRUST TERMINATION EXPENSES

-7-

Case: 23-10113   Doc# 195   Filed: 05/10/23   Entered: 05/10/23 14:54:48   Page 7 of 8

waiver of that claim; and

7. Granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: May 10, 2023

                              FELDERSTEIN FITZGERALD
                              WILLOUGHBY & PASCUZZI LLP

                          By */s/ Paul J. Pascuzzi*
                              PAUL J. PASCUZZI
                              Attorneys for Debtor and Debtor In Possession
                              The Roman Catholic Bishop of Santa Rosa

MOTION FOR APPROVAL OF: (1) TERMINATION OF RETIREMENT SERP; (2) TRANSFER FUNDS, AND (3) PAYMENT OF TRUST TERMINATION EXPENSES

-8-

Case: 23-10113    Doc# 195    Filed: 05/10/23    Entered: 05/10/23 14:54:48    Page 8 of 8