PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
tphinney@ffwplaw.com

Attorneys for
The Roman Catholic Bishop of Santa Rosa

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SANTA ROSA,<br><br>Debtor In Possession. | Case No. 23-10113<br><br>Chapter 11<br><br>Date: June 7, 2023<br>Time: 11:00 a.m.<br>Location: 1300 Clay Street, Ctrm. 215<br>Oakland, CA<br>[In person or via Zoom]<br>Judge: Hon. Charles Novack |

**DECLARATION OF DEACON JOE OBERTING IN SUPPORT OF MOTION FOR APPROVAL OF (1) TERMINATION OF PRIEST'S SUPPLEMENTAL RETIREMENT PLAN (SERP) (2) TRANSFER OF FUNDS, AND (3) PAYMENT OF TRUST TERMINATION EXPENSES**

I, Deacon Joe Oberting, hereby declare under penalty of perjury as follows:

1. I am the Chief Financial Officer ("CFO") of The Roman Catholic Bishop of Santa Rosa ("RCBSR"), the Debtor and Debtor in Possession herein (the "Debtor in Possession"). As the CFO, I am generally familiar with the RCBSR's day-to-day operations, business affairs and books and records.

2. All facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me by people who report to me, upon information supplied to me by

RCBSR's professionals and consultants, upon my review of relevant documents, or upon my opinion based on my experience and knowledge with respect to RCBSR's operations, financial condition and related business issues. The documents submitted herewith, referenced herein or otherwise relied upon by me for purposes of this Declaration are the business records of RCBSR, prepared and kept in ordinary and regularly conducted business activity of RCBSR, and used by me for those purposes. If I were called upon to testify, I could and would testify competently to the facts set forth herein, and I am authorized to submit this Declaration on behalf of RCBSR.

3. I make this declaration in support of the Debtor in Possession's Motion for Approval of (1) Termination of Priest's Supplemental Retirement Plan (SERP) (2) Transfer of Funds, and (3) Payment of Trust Termination Expenses (the "Motion"). All terms not otherwise defined herein have the same meaning as set forth in the Motion.

4. On March 13, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. In December 2006, the RCBSR established the Diocese of Santa Rosa Priests Supplemental Retirement Plan ("Plan" also commonly referred to as the "SERP"). A copy of the SERP is attached to the accompanying Stipulation as <u>Exhibit 1</u>, for the purpose of providing retirement benefits primarily for the Bishop of the Diocese (collectively, the "Participants"). On February 1, 2010, the Plan was amended as shown on Amendment No. 1 to the Plan, also attached to the accompanying Stipulation as <u>Exhibit 1</u>.

6. The SERP is structured as a nonqualified retirement benefit plan. Under applicable rules and regulations, to secure this tax-sheltered status, the Participants' interests in the Plan are expressly subject to the claims of the Debtor's creditors.

7. In January 2007, the RCBSR and Union Bank entered into the Trust Agreement for the Diocese of Santa Rosa Priests Supplemental Pension Plan ("Trust Agreement"). A copy of the Trust Agreement is attached to the accompanying Stipulation as <u>Exhibit 2</u>.

8. In 2012, I am informed that U.S. Bank acquired Union Bank's trust business and

succeeded to Union Bank's rights as Trustee under the Trust Agreement pursuant to California Financial Code § 4879.14.

9. The Trust Agreement provides for the establishment of a "rabbi" trust (the "Trust")[1] to hold and invest contributions to, and assets received in connection with, the Plan. The Trust Agreement provides that the Trust is intended to be a "grantor trust" within the meaning of subpart E, part I, subchapter J, chapter 1, subtitle A of the Internal Revenue Code of 1986, as amended. *See* Trust Agreement § 1.3.

10. Sections 9.2 and 9.3 of the Trust Agreement provide that "the Trustee shall be entitled to reasonable fees for services rendered in the amounts agreed to be reimbursed out of the assets held in the Trust for reasonable expenses incurred upon from time to time by the Bishop and the Trustee," and that such fees, including attorney fees, may be paid out of the Trust Fund.

11. Section 1.4 of the Trust Agreement provides in part that "[a]ny assets held by the Trust will be subject to the claims of the [RCBSR]'s general creditors under federal and state law in the event of Insolvency, as defined in Section 3.1, herein." Trust Agreement § 1.4. Sections 3.1 and 3.2 of the Trust Agreement provide that upon the RCBSR being "subject to a pending proceeding as a debtor under the United States Bankruptcy Code [ ]" "[t]he Trustee shall cease payment of benefits to the Priests" and that the assets of the Trust are subject to the claims of the RCBSR's general creditors. Trust Agreement §§ 3.1 and 3.2. Upon filing for bankruptcy, the Debtor notified the Trustee of the commencement of the Debtor's chapter 11 case. The Trustee ceased making payments to the Participants from the Trust.

12. The SERP Trust funds are listed at ¶3.20 of Schedule B on the Debtor Schedules (US Bank account # 5400). The SERP Trust holds cash in a Money Market Deposit Account, two Mutual Funds (holding Equity Assets), and two Mutual Funds holding Fixed Income Fund assets. As of the date of this stipulation, the valuation of the assets is approximately $274,017.89 which value can fluctuate from time to time. These funds, including any accruals or changes in values,

---

[1] The term "rabbi" is applied to this type of trust because the Internal Revenue Service first addressed the tax treatment of such a trust in the context of a trust established by a congregation for its rabbi.

are referred to herein as the "SERP Trust Funds."

13. The Debtor believes that the Trustee now holds the SERP Trust Funds for the benefit of the Debtor's creditors.

14. The Debtor and the Trustee have agreed that the Trustee will return to Debtor all trust assets (the SERP Trust Funds) currently in the Trustee's possession pursuant to the Trust Agreement, less the Trustee's reasonable expenses and attorney fees.

15. The Debtor will give notice of this Stipulation to all Participants.

I declare under penalty of perjury that the foregoing it true and correct. Executed on May 10, 2023 at Santa Rosa, California.

*/s/ Deacon Joe Oberting*
Deacon Joe Oberting