PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
tphinney@ffwplaw.com

Attorneys for The Roman Catholic Bishop of Santa Rosa

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SANTA ROSA,<br><br>Debtor In Possession. | CASE NO. 23-10113<br><br>Chapter 11<br><br>Date: June 30, 2023<br>Time: 11:00 a.m.<br>Location: 1300 Clay Street, Ctrm. 215<br>Oakland, CA<br>[In person or via Zoom]<br>Judge: Hon. Charles Novack |

**DEBTOR'S STATUS CONFERENCE STATEMENT**

The Roman Catholic Bishop of Santa Rosa (the "RCBSR" or the "Debtor") hereby files this Status Conference Statement for the status conference to be held on June 30, 2023.

1. On March 13, 2023, the RCBSR filed a voluntary Chapter 11 petition (Dkt. No. 1) ("Petition Date"). The Debtor remains in possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor in possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code. An Official Committee of Unsecured Creditors has been appointed and it has retained counsel (Dkt. Nos. 56, 99 and 102).

2. The Debtor has accomplished most if not all of the foundational tasks that it must accomplish in the beginning of a chapter 11 case. These include:

  a. Attendance at and conclusion of the Initial Debtor Interview with the U.S. Trustee;

  b. Attendance at and conclusion of the 341 meeting;

  c. Filing of the schedules and statement of financial affairs, including one set of amendments;

  d. Filing of monthly operating reports and payment of U.S. Trustee quarterly fees;

  e. Granting of numerous "first day" motions on a final basis;

  f. Employment of primary bankruptcy case professionals;

  g. Approval of interim compensation procedures; and

  h. Approval of termination of SERP account.

3. The Debtor also has filed motions to extend its exclusivity period to file and confirm a plan and the time to assume unexpired nonresidential real property leases, both of which are set for hearing on June 30. The Debtor has filed a motion to approve the employment of ordinary course professionals that is set for hearing on July 14, 2023.

4. The Debtor has converted all of its existing bank accounts to Debtor in Possession ("DIP") accounts and provided proof of such to the U.S. Trustee. The Debtor has liquidated its investment accounts and deposited the proceeds into DIP accounts. The Debtor has moved its funds from the Catholic Community Foundation to a DIP account. The Summit Bank AMA account balance is below the $250,000 limit as required by the order. The Debtor is waiting on U.S. Bank to execute on the order to liquidate the SERP funds and transfer them to the DIP account, which the Debtor is told will occur early the week of June 26th. The Debtor is in the process of providing proof to the U.S. Trustee of the closing of the old accounts to conclude its obligations under the final order granting the cash management motion. Dkt. No. 252.

5. Importantly, the Debtor also has filed a motion to approve the claims procedures. This includes approval of the claim forms, noticing procedures and claim filing deadlines. Unlike a typical chapter 11 case, the process of reviewing confidential survivor claims is pivotal to forward progress in this case. It is important for the relevant parties to be able to get all claims

Case: 23-10113 Doc# 269 Filed: 06/23/23 Entered: 06/23/23 08:43:09 Page 2 of 3

filed to be able to evaluate insurance and abuse claims and be prepared to participate in mediation.

6. The Debtor is in the process of producing documents to the Official Committee of Unsecured Creditors ("Committee") on an informal basis. The Debtor has produced copies of all insurance policies and other insurance information. The Debtor has committed to produce documents on a rolling basis, which has already started, to get them to the Committee as soon as possible.

7. The Debtor has made a proposal to the Committee regarding a co-defendant stay of the numerous state court actions against the Debtor and its co-insureds under its insurance program. If the parties cannot resolve the issues, the Debtor will be filing an adversary proceeding and motion to determine the scope of the automatic stay and a preliminary injunction to stay state court actions that would deplete its insurance, trigger indemnity obligations of the Debtor, prejudice the Debtor by way of preclusion and other applicable grounds.

8. The Debtor anticipates other tasks in the coming weeks and months, including: (a) selection and appointment of an unknown claims representative; (b) selection of a mediator; and (c) mediation. Any mediation likely would not start until after the expiration of the claims bar date and adequate time to evaluate the claims. The Debtor endeavors to work with the Committee to get to global mediation as soon as possible and will begin discussions for doing so with the Committee as soon as practicable.

Dated: June 22, 2023

                                        FELDERSTEIN FITZGERALD
                                      WILLOUGHBY PASCUZZI & RIOS LLP


                                    By:*/s/ Paul J. Pascuzzi*
                                        PAUL J. PASCUZZI
                                        Attorneys for The Roman
                                        Catholic Bishop of Santa Rosa

Case: 23-10113    Doc# 269    Filed: 06/23/23    Entered: 06/23/23 08:43:09    Page 3 of 3