**STINSON LLP**
ROBERT T. KUGLER (Minn. Bar No. 194116)
robert.kugler@stinson.com
EDWIN H. CALDIE (*pro hac vice*)
ed.caldie@stinson.com
KACIE PHILLIPS TAWFIC (*pro hac vice*)
kacie.tawfic@stinson.com
50 S 6th Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: (612) 335- 1500

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
GABRIELLE L. ALBERT (Cal. Bar No. 190895)
(galbert@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Counsel for the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| **In re:**<br><br>**THE ROMAN CATHOLIC BISHOP OF SANTA ROSA**<br><br>Debtor. | Case No. 23-10113 (CN)<br><br>Chapter 11 Bankruptcy<br><br>**DECLARATION OF TIMOTHY W. BURNS IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING RETENTION OF BURNS BAIR LLP AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE ROMAN CATHOLIC BISHOP OF SANTA ROSA EFFECTIVE AS OF JULY 17, 2023** |

I, Timothy W. Burns, pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner of the law firm Burns Bair LLP ("**Burns Bair**"), proposed special insurance counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of the Roman Catholic Bishop of Santa Rosa (the "**Debtor**").

2. I submit this declaration in support of the *Application for Order Authorizing Retention of Burns Bair LLP as Special Insurance Counsel for the Official Committee of Unsecured Creditors of the Roman Catholic Bishop of Santa Rosa Effective as of July 17, 2023* (the "**Application**")[1].

3. The facts set forth in this declaration are personally known to me, and, if called as a witness, I could and would competently testify thereto. To the extent any information disclosed herein requires subsequent amendment and/or modification, Burns Bair will use reasonable efforts to file a supplemental declaration reflecting such amended and/or modified information.

4. On July 17, 2023, the Committee selected Burns Bair as special insurance counsel, subject to approval of this Court.

## THE FIRM'S QUALIFICATIONS

5. Burns Bair is a law firm with considerable experience in high-stakes insurance litigation, as well as domestic and international insurance arbitration. Burns Bair has experience advising and working in concert with other attorneys to navigate discrete insurance issues in the context of complex litigation proceedings. Burns Bair has successfully recovered substantial insurance proceeds in other actions involving insurance disputes arising from sexual abuse allegations involving Catholic dioceses.

6. Currently, Burns Bair serves as special insurance counsel in various diocesan matters, including the Roman Catholic Diocese of Rockville Centre, New York bankruptcy, Case No. 20-12345, the Roman Catholic Diocese of Syracuse, New York bankruptcy, Case No. 20-30663, and the Diocese of Rochester, New York bankruptcy, Case No. 19-02021, among other representative matters. The official committee of unsecured creditors in The Roman Catholic

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

Bishop of Oakland bankruptcy case also selected Burns Bair to serve in a similar capacity, and an application seeking an order authorizing Burns Bair's employment was recently filed.

7. Burns Bair has worked with prominent experts to produce persuasive reports on industry custom and practice regarding bad faith, claims handling, and liability coverage in abuse cases. Burns Bair has also briefed and argued numerous legal issues surrounding coverage for sexual abuse claims, including lost policies, the number of occurrences, the expected or intended exclusion, annualization of policy limits, waiver/estoppel, and many others.

8. Burns Bair will carefully coordinate all of its tasks to achieve case efficiencies and avoid duplication of efforts. Indeed, lead counsel for the Committee, Stinson LLP, and Burns Bair have carefully planned their work streams to avoid any duplication of work and the firms will work proactively to make certain that their scope of work does not bleed into one another.

## COMPENSATION AND FEE APPLICATIONS

9. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees effective February 19, 2014* (the "**Local Guidelines**"), and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses* (the "**U.S. Trustee Guidelines**") issued by the Office of the United States Trustee, Burns Bair will charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect at the time the services are rendered. Burns Bair's current customary rates, subject to change from time to time, are: Partners $900 to $1120 per hour; Associates $550 per hour, and; Paraprofessionals $340 per hour. These rates are the normal billing rates charged by Burns Bair in both bankruptcy and non-bankruptcy matters, to both debtor and non-debtor clients.

10. Burns Bair's hourly rates are comparable to those charged by attorneys of similar experience for engagements of scope and complexity similar to this Chapter 11 Case. Burns Bair will also seek reimbursement of actual and necessary out-of-pocket expenses in accordance with regular Firm policies.

11.	The attorneys and legal professionals who Burns Bair anticipates will or may work on this matter, and their current hourly rates, are as follows:

| Professional | Hourly Rate |
|---|---|
| Timothy Burns | $1120 |
| Jesse Bair | $900 |
| Nathan Kuenzi | $550 |
| Brian P. Cawley | $550 |
| Paralegals | $340 |

12.	Burns Bair will maintain detailed, contemporaneous time records in six-minute intervals and apply to this Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Local Guidelines, the Fee Guidelines, and any additional procedures that may be established by the Court in this Chapter 11 Case.  Burns Bair has agreed to accept as compensation and reimbursement such sums as may be allowed by the Court.  Burns Bair understands that interim and final fee awards are subject to approval by this Court.

**DISCLOSURES CONCERNING DISINTERESTEDNESS**

13.	Burns Bair received from the Committee a schedule of key parties in interest in this Chapter 11 Case, a copy of which is attached hereto as **Schedule 1** (the "**Potential Parties List**").

14.	To check and clear potential conflicts of interest in this case, as well as to identify all "connections" (as such term is used in Bankruptcy Rule 2014) to the Debtor, its creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee for the Northern District of California (the "**U.S. Trustee**"), any person employed in the office of the U.S. Trustee, Burns Bair has searched its electronic database for its connections to the entities listed on the Potential Parties List.

15.	Other than as described below and with the exceptions of the representations noted in **Schedule 2** after diligent inquiry, I have ascertained (a) no connection, as such term is used in

Case: 23-10113    Doc# 346    Filed: 08/11/23    Entered: 08/11/23 14:54:23    Page 4 of 6

4

section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b) and Bankruptcy Rule 2014(a), between Burns Bair and any party in interest in this Chapter 11 Case, including with the Debtor, its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in this Chapter 11 Case or their respective attorneys or accountants; (b) Burns Bair is not a creditor, equity security holder, or insider of the Debtor; (c) none of Burns Bair's lawyers is, or was within two years of the Petition Date, a director, officer, or employee of the Debtor; and (d) Burns Bair neither holds nor represents an interest adverse to the Debtor, its estate, or any class of creditors by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

16. Certain Committee members are represented by attorneys who represent committee members in the chapter 11 cases filed by the Roman Catholic Diocese of Rockville Centre, New York, the Diocese of Rochester, New York, and the Diocese of Syracuse, New York, where Burns Bair serves as special insurance counsel. Those law firms are: Jeff Anderson & Associates, PA and Pfau Cochran Vertetis Amala PLLC.

17. In addition, Burns Bair has represented, represents, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtor and this proceeding wherein one or more of the firms representing the members of the Committee or other parties in interest serve as or will serve as professionals to committee members.

18. Burns Bair will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, I will supplement this Declaration to the Court.

19. Burns Bair did not provide the Committee or any informal group of creditors of the Debtor with legal services prior to the Selection Date. Accordingly, Burns Bair has not received any prepetition compensation from the Committee or from any of its members.

20. I will amend or supplement this declaration to the extent I learn that (a) any of the within representations are incorrect or (b) there is any change of circumstances relating thereto.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10 day of August 2023, in Madison, Wisconsin.

By: _____
Timothy W. Burns