PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
tphinney@ffwplaw.com

The following constitutes the order of the Court.
Signed: December 4, 2023

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

Attorneys for
The Roman Catholic Bishop of Santa Rosa

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SANTA ROSA,<br><br>                Debtor In Possession. | Case No. 23-10113<br><br>Chapter 11<br><br>Date:      November 17, 2023<br>Time:     11:00 a.m.<br>Location: 1300 Clay Street, Ctrm. 215<br>             Oakland, CA 94612<br>             [In person or via Zoom]<br>Judge:    Hon. Charles Novack |

## ORDER REFERRING CASE TO
## MEDIATION AND APPOINTING MEDIATOR

Having considered the motion of The Roman Catholic Bishop of Santa Rosa, debtor in possession (the "Debtor"), with the support of the Official Committee of Unsecured Creditors (the "Committee"), in consultation with the Debtor's insurers and other interested parties ("Mediation Parties")[1] for entry of an order pursuant to sections 105(a), 363(b), 502(b) and 541 of title 11 of the United States Code (the "Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure

---

[1] Additional parties may participate in the Mediation and will be bound by the terms of this Order.

("FRBP") 1001 referring certain Mediation Parties (described below)[2] to a mediation of the Mediation Matters (described below) and appointing Hon. William L. Bettinelli (Ret.) ("Judge Bettinelli") as mediator for issues between the Committee and the Debtor ("Mediator") and appointing a second mediator ("Insurance Mediator," and collectively with the Mediator, the "Mediators"), the Court being sufficiently advised, and having determined that good cause exists for entry of this order;

IT IS HEREBY ORDERED:

1. <u>Mediation Parties.</u> The proposed participants in the mediation (the "Mediation Parties"), through their respective counsel, are:

   a) the Debtor;

   b) the Committee;

   c) the Debtor's insurers and other coverage providers, including the insurance companies relating to the Debtor's historical insurance policies identified in the Debtor's Schedule A/B at ¶ 73 (91 identified interests in Insurance Policies) (collectively hereafter the "Insurers");[3]

   d) the Non-Debtor Catholic Entities known as the 42 Parishes existing within the Diocese;

   e) the unknown claimants' representative; and

   f) any other person or entity that the Mediators or the parties determine is necessary or appropriate for mediation.

2. <u>Mediation Matters.</u>

   A. The following matters are hereby referred to mediation which also encompasses the more specific "Bankruptcy" and "Insurance" issues described below (the "Mediated Matters"), all of which are within this Court's jurisdiction over the administration of this chapter 11 case and any related adversary proceeding:

   a) The negotiation of material financial, injunctive, and other provisions of a plan of reorganization;

---

[2] Capitalized terms used herein but not defined shall have the meaning set forth in the Motion filed on October 20, 2023 at Dkt. No. 479.

[3] Attached hereto as Exhibit 1 is a list of the Insurers with counsel information where known for the scheduled Insurance Policies.

      b) The resolution of any disputes related to the formation of a liquidating trust and the process for allowance of and distributions to tort claims; and

      c) The resolution of any disputes related to the process to resolve claims asserted by or against a parish or other non-Debtor Catholic entity within the Diocese;

      d) The resolution of any disputes related to coverage provided by any of the Insurers;

      e) The resolution of any disputes related to the evaluation of claims and/or the Debtor's legal liability for claims;

      f) The resolution of any other issue necessary to determine the rights of the parties to reach agreement on the terms of a confirmable consensual plan of reorganization.

    B. Judge Bettinelli is appointed to mediate issues relating to property of the estate and formation and confirmation of a chapter 11 plan ("Bankruptcy Issues") including:

      a) The resolution of any disputes related to the Committee Adversary (Committee's Complaint for Declaratory Relief [Adv. Pro. No. 23-01008]);

      b) The resolution of any disputes related to the process to resolve claims asserted by or against a parish or other non-Debtor Catholic entity;

      c) Identification of property of the estate with respect to property of the non-Debtor Catholic entities;

      d) Terms of a consensual Plan, including, contributions to be made by the Debtor and the parishes to a trust for the benefit of Survivors, third party releases in favor of the parishes, the terms of a channeling injunction, treatment of future claims, and the form of Trust Agreement and Trust Distribution Procedures, and classification and treatment of other claims against the Debtor;

      e) Such other issues as may arise.

    C. Subject to further order of the court as described in ¶ 2(D) below, a second mediator shall be appointed with respect to insurance issues (the "Insurance Issues") relating to property of the estate, allowance of claims, and formation and confirmation of a chapter 11 plan, including, but not limited to, the following:

      a) The resolution of any disputes related to coverage, or alleged coverage, provided by any insurer;

      b) Issues pertaining to shared insurance between the Debtor, parishes and other non-Debtor Catholic entities within the Diocese ("Alleged Insureds");

c) Terms of a consensual Plan, including contributions to be made by the insurers to fund a trust for the benefit of survivors, releases in favor of settling insurers, assignment of insurance rights with respect to non-settling insurers, the terms of a channeling injunction; and

d) Such other issues as may arise.

D. The Mediation Parties will promptly confer on the selection of a mediator for Insurance Issues, and once selected, file a stipulation and proposed mediator's declaration. If the Mediation Parties fail to agree upon a mediator by December 6, 2023, the Debtor will file with the Court the declarations of the proposed mediators under discussion by the parties. The Debtor, the Insurers, and the Committee may each nominate a proposed mediator. The Court then will issue an order selecting a mediator to conduct the mediation relating to Insurance Issues and approving the terms of such engagement.

3. <u>Non-Binding Nature of Mediation.</u>

a. The Mediation shall be non-binding and the Mediators shall not have authority to render a decision that shall bind the Mediation Parties.

b. No Party shall be bound by anything said or done during the Mediation unless and until either a written and signed stipulation is entered into, or the Mediation Parties enter into a written and signed agreement, which shall be subject to this Court's approval under Rule 9019 of the Federal Rules of Bankruptcy Procedure, upon application, notice, and hearing.

4. <u>Mediation Procedures.</u>

a. <u>Mediation Meetings, Confidential Statements.</u> The Mediation shall take place on such date(s) and location(s) to be determined and noticed by the Mediators after consulting with counsel for the Mediation Parties. The Mediators shall have the authority to establish the time for all Mediation activities, including joint and private meetings between the Mediators and Mediation Parties during the course of the Mediation. The Mediation Parties shall submit a confidential mediation statement to the Mediator as directed by the Mediators and containing such information as requested by the Mediators.

b. <u>Attendance by Persons with Settlement Authority.</u> In addition to counsel, a representative of each of the Mediation Parties shall personally attend the Mediation meeting(s)

-4-

either in person or via video conference subject to the directions of the Mediators; such representatives must have complete authority to negotiate and settle all disputed issues and amounts.

        c.    <u>The Mediation Procedure, and Good Faith Participation</u>. The Mediators shall have authority to control all procedural aspects of the Mediation(s), including when the Mediation Parties will meet jointly and/or separately with the Mediator(s), and whether meetings shall be by telephone, video conference, or in person. The Mediators may require Mediation Parties to sign a mediation agreement as may be reasonably required to promote the Mediation, except that any such supplemental agreement shall be consistent with and subject in all respects to the terms of this order. The Mediators may report to the Court any willful failure to attend or participate in good faith in the mediation process or mediation conference. Such failure may result in the imposition of sanctions by the Court.

        d.    <u>No Prejudice from Participation in Mediation.</u> Participation by any party in the Mediation will not prejudice their rights with respect to any disputed issue in the Chapter 11 Case, and all such rights, to the extent they existed prior to this Order, are preserved and may be exercised consistent with any order of the Court. This includes, without limitation, the Mediation Parties' rights (if any) to (a) seek a judicial determination from this Court with respect to any issue that may arise during the Mediation requiring judicial resolution; (b) contest the jurisdiction of the Bankruptcy Court; (c) contest the entry of final orders or judgments by the Bankruptcy Court; (d) withdraw the reference; or (e) demand arbitration or a trial by jury.

    5.    <u>Modification of Mediation Procedures and Addition of Mediation Parties</u>. The Mediators may establish requirements or procedures for the Mediation as the Mediators deem necessary or appropriate, or as agreed upon by the Mediation Parties and Mediators, in addition to the procedures described in the order ("Mediation Procedures".) Any party who participates in the mediation process either voluntarily or by Court order will be bound to the Mediation Procedures and all provisions of this order as if they were a named Mediation Party. Furthermore, Mediation Parties added by stipulation or by order of the Court may be compelled to attend the Mediation by the Mediator.

6. <u>Report of Result of the Mediation.</u>  After the Mediation concludes, the Mediators will report to chambers staff whether the Mediation resulted in a settlement.

7. <u>Confidentiality.</u>  There shall be absolute mediation privilege, and all communications during the Mediation shall be confidential, protected from disclosure and shall not constitute a waiver of any existing privileges and immunities, shall not be disclosed to any third party for any reason, and shall not be used for any purpose other than Mediation.  Submissions to the Mediators shall not be delivered to anyone else without the consent of the submitting party.  Any statements made by the Mediators, any of the Mediation Parties, or other parties that participate in the mediation process shall not be divulged by any of the participants in the Mediation (or their attorneys, representatives, or agents) or by the Mediators to the Court or to any third party.  Except for an executed settlement agreement, all records, reports, or other documents received or made by the Mediators while serving such capacity shall be confidential and shall not be provided to the Court.  The Mediators and each participant or party to the Mediation shall not be compelled to divulge any records, reports, or other documents shared in the Mediation, and shall not be compelled to testify in regard to the Mediation in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court.  Notwithstanding anything in Federal Rule of Evidence 408 to the contrary, no person may rely on or introduce as evidence in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court, any aspect of the Mediation effort, including but not limited to (a) views expressed or suggestions made by any of the Mediation Parties, or the Mediators, with respect to a possible settlement of the Dispute; (b) statements or admissions made by any of the Mediation Parties in the course of the Meditation and (c) proposals made or views expressed by the Mediators, or any of the Mediation Parties.  Nothing in this paragraph, however, precludes a report to the Court of (i) whether a settlement was reached or (ii) any material failure on the part of one or more of the Mediation Parties to comply with the party's obligations under this order.  Further, nothing in this paragraph makes a document or other information confidential that was received or developed by a Mediation Party without an obligation of confidentiality that relates to the Mediation.  The Mediators and Mediation Parties may agree on confidentiality provisions in addition to those stated in this Order.

8. <u>Discovery</u>. The Mediation Parties shall cooperate in pre-mediation discovery. In the event that a discovery dispute arises that cannot be resolved by the Mediators or negotiation among the Mediation Parties involved, the complaining party may file and serve a discovery dispute letter not to exceed 5 pages. The complaining party shall contact chambers and notify the Court of the fact that the letter has been filed. The Court will then notify the parties about any response or hearing to address the relief requested. The Court may hold hearings on short notice on any discovery dispute. The Court expects the Mediation Parties to obtain such information as they may deem reasonable to participate meaningfully in the Mediation.

9. <u>No Impairment of Privileges.</u> Notwithstanding any provision of this Order to the contrary, nothing contained in this Order shall require any Mediation Party to produce documents or information that are subject to attorney-client privilege, attorney work product, or any other legally recognized privilege.

10. <u>Immunity.</u> The Mediators, as court appointed mediators, shall be immune from claims arising out of acts or omissions incident to the Mediators' services rendered in connection with the Mediation.

11. <u>Compliance with Bankruptcy Code and Rules</u>. Nothing in this order shall relieve any of the Mediation Parties or any other party in interest from complying with applicable requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, such as requirements for obtaining court approval of any compromises of controversies, stipulated stay relief or adequate protection, or sales of property outside the ordinary course of business.

12. <u>Modification of the Mediation Process</u>. The court reserves jurisdiction to modify this order, including the identification of Mediation Parties, Mediated Matters, and the appointment of additional or different mediator(s). Any of the Mediation Parties may at any time file a motion with the Court to withdraw from, suspend, and/or terminate the Mediation for cause.

13. <u>No Effect on Insurance Rights or Obligations</u>. Notwithstanding any provisions of this Order to the contrary, nothing contained in this Order shall in any way operate to, or have the effect of, impairing, altering, supplementing, changing, expanding, decreasing, or modifying the

Case: 23-10113   Doc# 529   Filed: 12/04/23   Entered: 12/04/23 15:34:58   Page 7 of 14

Mediation Parties' rights or obligations under any insurance coverage that is the subject of the Mediation or otherwise.

14. <u>Employment and Compensation of Judge Bettinelli.</u>  Pursuant to section 327(a) of the Bankruptcy Code, the Debtor is authorized to employ Judge Bettinelli as mediator in this Chapter 11 Case, as described above, and Judge Bettinelli is hereby authorized to perform any and all such necessary and appropriate mediation services for the Debtor in this case.

15. Judge Bettinelli shall charge the Debtor's estate for his legal services in accordance with his hourly rate as set forth in the Motion, and Judge Bettinelli shall maintain detailed records of all actual, necessary and appropriate costs and expenses incurred in connection with the aforementioned professional services.  To assist Judge Bettinelli, he may use the services of Hon. Gary Nadler (ret.), ("Judge Nadler") also a retired judge and JAMS mediator, in accordance with his hourly rate as set forth in the Motion.

16. Judge Bettinelli, including billing from Judge Nadler, shall be compensated upon appropriate application in accordance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, and Local Rules.

17. The costs and expenses incurred by Judge Bettinelli shall be reimbursed in conformity with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

18. Post Confirmation Employment of Mediator(s).  Unless all Mediation Parties otherwise agree, the Mediators shall not be eligible for post-confirmation employment by any trust or similar organization formed pursuant to a plan of reorganization in the Chapter 11 Case for the purposes of resolving and/or liquidating abuse claims.

///
///
///
///
///
///

-8-
Order Referring Case to Mediation and Appointing Mediator

Case: 23-10113   Doc# 529   Filed: 12/04/23   Entered: 12/04/23 15:34:58   Page 8 of 14

19. The Court retains discretion to modify any aspect of this Order and retains exclusive jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Order.

APPROVED AS TO FORM.

OFFICE OF THE UNITED STATES TRUSTEE

*/s/ Phillip Shine*
Phillip Shine

STINSON, LLP

*/s/ Robert T. Kugler*
Robert T. Kugler
Attorneys for the Official Committee
of Unsecured Creditors

*** END OF ORDER ***

# EXHIBIT 1

| Insubjectrance Company | Attorney Name/Contact |
|---|---|
| **Exhibit 1** to Order Referring Case to Mediation, and Appointing Mediator | |
| **Insurance Company** | **Attorney Name/Contact** |
| AIG/National Union | **AIG/Lexington Insurance Company** <br> Travis Brandt |
| AON Via Catholic Mutual | |
| Catholic Mutual Relief Society of America; <br> Catholic Mutual Group | **Arentfox Schiff LLP** <br> J. Mark Fisher <br> Everett J. Cygal <br> Daniel J. Schufreider <br> Christopher K.S. Wong <br> Jin Yan <br> Chris Buresh |
| Catholic Umbrella Pool II | |
| Centennial Ins. Co. (in liquidation) | |
| Church Mutual | |
| Colonial Penn Insurance Co. | |
| Fireman's Fund Insurance Co., <br> Interstate Fire and Casualty Co., <br> National Surety Corp. | **Nicolaides Fink Thorpe Michaelides Sullivan LLP** <br> Matthew C. Lovell <br> Laura H. Smith <br><br> **Parker, Hudson, Rainer & Dobbs LLP** <br> Harris B. Winsberg <br> Matthew M. Weiss <br> Matthew G. Roberts <br> Todd C. Jacobs <br> John E. Bucheit |
| Fireman's Fund Insurance Co., <br> Interstate Fire and Casualty Co., <br> National Surety Corp. | **Bradley Riley Jacobs PC** <br> Paul J. Esker <br> Patrick Shea <br> Adrea Tarver |
| Hanover Insurance Co. | |
| Holland America Insurance Co. | |
| International Insurance Co./TIG | **Riverstone Claims Management LLC** <br> Carlos Del Carpio |
| Insurance Co. of North America <br> (Chubb North America Claims) | **Chubb North America Claims** <br> Narciso Garcia <br> Jaqueline Robinson |
| Insurance Co. of the State of Pennsylvania <br> (AIG Claims) | **AIG/Lexington Insurance Company** <br> Travis Brandt |

| | |
|---|---|
| Lloyd's Underwriters & Certain London Market Companies | **Duane Morris LLP**<br>Jeff D. Kahane<br>Andrew Mina<br>Nathan Reinhardt<br>Russell W. Roten<br>Betty Luu<br><br>**Clyde & Co US LLP**<br>Catalina J. Sugayan<br>Bradley Puklin<br>Michael Norton<br>Robert Sweeney |
| Maryland Casualty | |
| Northwestern National (in liquidation) | |
| Pacific Indemnity Insurance Co. (Chubb)<br>[Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America] | **O'Melveny & Myers LLP**<br>Tancred Schiavoni<br>Adam P. Haberkorn<br>Steve Warren<br>Karen Rinehart<br>Emma Jones |
| Pacific Indemnity Insurance Co. (Chubb) | **Chubb North America Claims**<br>Narciso Garcia |
| Phoenix Assurance Co.<br>Continental Casualty Company<br>(CNA Casualty of California) | **Crowell & Moring LLP**<br>Mark D. Plevin<br>Miranda H. Turner<br>Jordan A. Hess |
| Phoenix Assurance Co.<br>Continental Casualty Company<br>(CNA Casualty of California) | **CNA Casualty of California**<br>Sherman Lee |
| St. Paul Surplus Lines Insurance Company<br>(c/o Travelers Insurance) | **Dentons US LLP**<br>Joshua Haevernick<br>Patrick Maxcy<br>John Grossbart<br>Geoffrey Miller<br>Lauren Macksoud |
| Stuyvesant Insurance Co. | |
| The Ordinary Mutual | **The Ordinary Mutual**<br>Barbara Goode |
| Transamerica Insurance Co | |

| | |
|---|---|
| Travelers Casualty and Surety Co of America | **Dentons US LLP**<br>Joshua Haevernick<br>Patrick Maxcy<br>John Grossbart<br>Geoffrey Miller<br>Lauren Macksoud |
| United National Insurance Co. | |
| Westport Insurance Corporation<br>(Employers Reinsurance) | **Craig & Winkelman LLP**<br>Robin D Craig<br><br>**Sinnott, Puebla, Campagne & Curet, APLC**<br>Blaise S. Curet<br><br>**Parker, Hudson, Rainer & Dobbs LLP**<br>Harris B. Winsberg<br>Matthew M. Weiss<br>Matthew G. Roberts<br>Todd C. Jacobs<br>John E. Bucheit |
| Westport Insurance Corporation<br>(Employers Reinsurance)<br>(Puritan Swiss) | **Swiss Re America Holding Corporation**<br>Ken Battis |
| Zurich American Insurance Company<br>(Northern Insurance Company of New York) | **Finestone Hayes LLP**<br>Ryan A. Witthans<br>Jennifer C. Hayes<br><br>**White and Williams LLP**<br>Frank J. Perch III<br><br>**Allianz Resolution Management**<br>Patrick Shea |

## Court Service List

No service required.