**STINSON LLP**
ROBERT T. KUGLER (Minn. Bar No. 194116)
robert.kugler@stinson.com
EDWIN H. CALDIE (*pro hac vice*)
ed.caldie@stinson.com
CLARISSA C. BRADY (*pro hac vice*)
clarissa.brady@stinson.com
50 S 6th Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
GABRIELLE L. ALBERT (Cal. Bar No. 190895)
(galbert@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

**BURNS BAIR LLP**
TIMOTHY W. BURNS (admitted pro hac vice)
tburns@burnsbair.com
JESSE J. BAIR (admitted pro hac vice)
jbair@burnsbair.com
10 E. Doty Street, Suite 600
Madison, WI 53703-3392
Telephone: (608) 286-2302

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

| | |
|---|---|
| **In re:** <br><br> **THE ROMAN CATHOLIC BISHOP OF SANTA ROSA,** <br><br> **Debtor.** | Case No. 23-10113 CN <br><br> Chapter 11 <br><br> **COVER SHEET TO FIRST INTERIM FEE APPLICATION OF BURNS BAIR LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND EXPENSES FOR THE PERIOD OF JULY 17, 2023 THROUGH NOVEMBER 30, 2023** <br><br> Date: February 9, 2024 <br> Time: 11:00 AM <br> Location: 1300 Clay Street, Ctrm. 215 <br> Oakland, California 94612 <br> Judge: Hon. Charles Novack <br><br> Objection Deadline: January 26, 2024 |

## GENERAL INFORMATION

| | |
|---|---|
| Name of Applicant: | Burns Bair LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | July 17, 2023 by Order dated August 28, 2023 [ECF 375] |
| Period for which compensation and reimbursement is sought: | July 17, 2023 through November 30, 2023 |
| Amount of Compensation sought as actual, reasonable and necessary: | $32,030.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $772.10 |
| This is a(n) | ☐ Monthly   ☑ Interim   ☐ Final application |
| Prior Applications: | None |

## SUMMARY OF MONTHLY FEE STATEMENTS FOR COMPENSATION PERIOD

| Date Filed | Period Covered | 80 % of Fees Requested | Total Fees Incurred | Expenses Requested | Fees Approved | Expenses Approved | Amount Received |
|---|---|---|---|---|---|---|---|
| 9/20/23 ECF 431 | 7/17/23-8/31/23 | $3,339.20 | $4,174.00 | $674.00 | $3,339.20 | $674.00 | $4,013.20 |
| 10/20/23 ECF 476 | 9/1/23-9/30/23 | $8,652.80 | $10,816.00 | $0 | $8,652.80 | $0 | $8,652.80 |
| 11/20/23 ECF 515 | 10/1/23-10/31/23 | $8,207.20 | $10,259.00 | $98.10 | $8,207.20 | $98.10 | $8,305.30 |
| 12/20/23 ECF 555 | 11/1/23-11/30/23 | $5,424.80 | $6,781.00 | $0 | $5,424.80 | $0 | $5,424.80 |
| Total | | $25,624.00 | $32,030.00 | $772.10 | $25,624.00 | $772.10 | $26,396.10 |

Summary of Any Objections to Monthly Fee Statements:    None.

Compensation and Expenses Sought in this Interim Application Not Yet Paid:    **$6,406.00**

## SUMMARY OF PROFESSIONALS

| Name of Professional | Title | Year Admitted to Bar | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Timothy Burns | Partner | 1991 | $1,120 | 11.10 | $12,432.00 |
| Jesse Bair | Partner | 2013 | $900 | 11.60 | $10,440.00 |
| Nathan Kuenzi | Associate | 2020 | $550 | 10.50 | $5,775.00 |
| Karin Jonch-Clausen | Associate | 2020 | $550 | 5.10 | $2,805.00 |
| Brenda Horn-Edwards | Paralegal | N/A | $340 | 1.7 | $578.00 |
| **Total** | | | | **40.0** | **$32,030.00** |
| **Blended Hourly Attorney Rate** | | | | | $821.20 |

## FEES BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Committee Meetings | 2.0 | $2,020.00 |
| Fee Applications | 3.30 | $2,018.00 |
| Hearings | .90 | $920.00 |
| Insurance Recovery Activities | 33.80 | $27,072.00 |
| **Grand Total** | **40.0** | **$32,030.00** |

## EXPENSES

| DESCRIPTION | AMOUNT |
|---|---|
| Court Fees | $674.00 |
| PACER | $98.10 |
| **Total** | **$772.10** |

**STINSON LLP**
ROBERT T. KUGLER (Minn. Bar No. 194116)
robert.kugler@stinson.com
EDWIN H. CALDIE (*pro hac vice*)
ed.caldie@stinson.com
CLARISSA BRADY (*pro hac vice*)
clarissa.brady@stinson.com
50 S 6th Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
GABRIELLE L. ALBERT (Cal. Bar No. 190895)
(galbert@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

**BURNS BAIR LLP**
TIMOTHY W. BURNS (admitted pro hac vice)
tburns@burnsbair.com
JESSE J. BAIR (admitted pro hac vice)
jbair@burnsbair.com
10 E. Doty Street, Suite 600
Madison, WI 53703-3392
Telephone: (608) 286-2302

*Counsel for the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SANTA ROSA DIVISION

| | |
|---|---|
| **In re:**<br><br>**THE ROMAN CATHOLIC BISHOP OF SANTA ROSA,**<br><br>Debtor. | Case No. 23-10113 CN<br><br>Chapter 11<br><br>**FIRST INTERIM FEE APPLICATION OF BURNS BAIR LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND EXPENSES FOR THE PERIOD OF JULY 17, 2023 THROUGH NOVEMBER 30, 2023**<br><br>Date: February 9, 2024<br>Time: 11:00 AM<br>Location: 1300 Clay Street, Ctrm. 215<br>          Oakland, California 94612<br>Judge: Hon. Charles Novack<br><br>Objection Deadline: January 26, 2024 |

Burns Bair LLP ("Burns Bair"), special insurance counsel to the Official Committee of Unsecured Creditors (the "Committee"), respectfully submits this first interim application for the allowance of compensation and reimbursement of actual and necessary expenses (the "Application") for services performed as special insurance counsel to the Committee from July 17, 2023 through November 30, 2023 (the "Interim Fee Period"). Pursuant to the Court's *Order Establishing Procedures and Authorizing Payment of Professional Fees and Expenses on a Monthly Basis* [ECF No. 243] (the "Interim Compensation Order"), sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "Northern District Guidelines"), and the Local Bankruptcy Rules for the Northern District of California (the "Local Rules").

The Interim Application is based upon the points and authorities cited herein, the Certification of Timothy W. Burns, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing of the Interim Application.

**BACKGROUND**

1. On March 13, 2023, The Roman Catholic Bishop of Santa Rosa filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

2. On March 27, 2023, the Office of the United States Trustee appointed nine members to the Committee [ECF No. 56].

3. On July 17, 2023, the Committee selected Burns Bair to serve as special insurance counsel to the Committee under 11 U.S.C. § 1103(a).

4. On August 11, 2023, the Committee filed an application seeking to retain Burns Bair as special insurance counsel to the Committee effective as of July 17, 2023 (the "Employment Application") [ECF No. 345]. On August 28, 2023, the Court granted the Employment Application (the "Retention Order") [ECF No. 375]. The Retention Order authorizes compensation and reimbursement to Burns Bair pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Northern District Guidelines, the Local Rules, and the Interim Compensation Order. Subject to Burns Bair's application to the Court, the Committee is authorized by the Retention Order to compensate Burns

Bair at its standard hourly rates for services performed and to reimburse it for actual and necessary expenses incurred. The Retention Order authorizes Burns Bair to provide the following services to the Committee:

    a. analyzing, investigating, and assessing the availability of coverage under the Debtor's insurances policies;

    b. representing the Committee in any adversary proceedings by and between the Debtor and its insurers, pending Court approval;

    c. engaging in potential mediation and/or other resolution of the claims, demands, and/or lawsuits related to the Debtor's insurance policies;

    d. advising, negotiating, and advocating on behalf of the Committee with respect to the Debtor's insurance policies; and

    e. providing related advice and assistance to the Committee as necessary.

5. By this Application, Burns Bair seeks interim allowance of compensation in the amount of $32,030.00 and incurred reasonable and necessary expenses in the amount of $772.10, for a total allowance of $32,802.10 for the Interim Fee Period. All services for which Burns Bair requests compensation were performed for or on behalf of the Committee. Burns Bair has received no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Burns Bair for the sharing of compensation to be received for services rendered in this Chapter 11 Case. In connection with the Chapter 11 Case, as of this date Burns Bair has been paid $26,396.10 in fees and $772.10 in expenses. Burns Bair has billed the Committee in accordance with its existing billing rates and procedures in effect during the Interim Fee Period. These rates are the same rates Burns Bair charges for services rendered by its attorneys and paraprofessionals in comparable matters and are reasonable given the compensation charged by comparably skilled practitioners in similar matters in both the California and national markets.

6. The Committee has reviewed the Interim Application and approves the fees and expenses requested herein.

7. Burns Bair has not received a retainer in connection with this proceeding.

8. No plan has been confirmed in this case.

**CASE SUMMARY**

9. Burns Bair, on behalf of the Committee, has been actively involved in the advancement of the Debtor's bankruptcy case. To date, and as more fully described herein, Burns Bair:

- Drafted insurance discovery requests;
- Reviewed and analyzed insurance aspects of the Debtor's global mediation motion;
- Began reviewing and analyzing the Debtor's historical insurance information;
- Communicated with Debtor's counsel regarding case insurance and mediation issues;
- Researched issues regarding the California Insurance Guarantee Association in connection with potential insurer insolvencies in this case; and
- Developed overall insurance strategy for the Committee.

10. Burns Bair believes that the Debtor has the ability to pay the fees and expenses requested herein and those fees and expenses requested by other estate professionals. Burns Bair seeks payment solely from the Debtor.

**JURISDICTION**

11. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

**SUMMARY OF SERVICES PROVIDED TO
THE COMMITTEE DURING THE INTERIM FEE PERIOD**

12. During the Interim Fee Period, Burns Bair advised the Committee on a wide variety of insurance issues issues relevant to the Debtor's case. In total, during the Interim Fee Period, Burns Bair provided reasonable and valuable services to the Committee in the amount of $32,030.00 and incurred reasonable and necessary expenses in the amount of $772.10. True and accurate copies of Burns Bair's invoices for the Interim Fee Period are attached hereto as **Exhibit 1**. Burns Bair submits that its fees and expenses were actual, necessary, and reasonable under the circumstances of this case

and should be allowed. Burns Bair maintains computerized time records, which have been filed on the docket with the firm's monthly fee statements and furnished to the Debtor and the United States Trustee for the Northern District of California in the format specified by the Interim Compensation Order.

13. Narrative descriptions of the services performed, the results achieved, the amount of time involved, and the amount requested in fees are provided below and are separated by task or proceeding. Given the interconnectedness of the issues in this Chapter 11 case, certain of these tasks or proceedings may overlap with each other.

**A. Committee Meetings**

14. During the Interim Fee Period, Burns Bair participated in a Committee meeting for the purpose of advising on case insurance issues. Meetings and communications with the Committee and other creditors are a necessary and mandatory aspect of Burns Bair's legal representation of the Committee.

| Timekeeper | Title | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Timothy Burns | Partner | $1,120.00 | 1.0 | $1,120.00 |
| Jesse Bair | Partner | $900.00 | 1.0 | $900.00 |
| **TOTAL** | | | **2.0** | **$2,020.00** |

**B. Fee Applications**

15. During the Interim Fee Period, Burns Bair prepared monthly fee statements for July through November of 2023.

| Timekeeper | Title | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jesse Bair | Partner | $900.00 | 1.6 | $1,440.00 |
| Brenda Horn-Edwards | Paralegal | $340.00 | 1.7 | $578.00 |
| **TOTAL** | | | **3.3** | **$2,018.00** |

**C. Hearings**

16. During the Interim Fee Period, Burns Bair attended a case status conference for insurance purposes and reviewed the transcript of the November 17 hearing on the Debtor's Global Mediation Motion for insurance purposes.

| Timekeeper | Title | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Timothy Burns | Partner | $1,120.00 | .5 | $560.00 |
| Jesse Bair | Partner | $900.00 | .4 | $360.00 |
| **TOTAL** | | | **0.9** | **$920.00** |

### D. Insurance Recovery Activities

17. During the Interim Fee Period, Burns Bair provided legal services to the Committee in connection with various insurance recovery activities, including, but not limited to: drafting insurance discovery requests; reviewing and analyzing insurance aspects of the Debtor's global mediation motion; begin reviewing and analyzing the Debtor's historical insurance information; communicating with Debtor's counsel regarding case insurance and mediation issues; researching issues regarding the California Insurance Guarantee Association in connection with potential insurer insolvencies in this case; and developing overall insurance strategy for the Committee.

| Timekeeper | Title | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Timothy Burns | Partner | $1,120.00 | 9.6 | $10,752.00 |
| Jesse Bair | Partner | $900.00 | 8.6 | $7,740.00 |
| Nathan Kuenzi | Associate | $550.00 | 10.50 | $5,775.00 |
| Karin Jonch-Clausen | Associate | $550.00 | 5.10 | $2,805.00 |
| **TOTAL** | | | **33.8** | **$27,072.00** |

18. All services performed by Burns Bair were necessary to the administration of this case at the time such services were rendered. The services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed. The amount requested in this Application is reasonable compensation for actual and necessary services rendered by Burns Bair based on the nature, extent, and value of such services, the time spent on such services, and the cost of comparable services other than in cases under Title 11 of the United States Code.

19. Burns Bair submits that the compensation it seeks is reasonable as compared to the market. Burns Bair has billed the Committee in accordance with its existing billing rates and procedures in effect during the Interim Fee Period. These rates are the same rates Burns Bair charges for services rendered by its attorneys and paraprofessionals in comparable matters and are reasonable

given the compensation charged by comparably skilled practitioners in similar matters in both the California and national markets.

20. All services for which Burns Bair requests compensation were performed on behalf of the Committee and not on behalf of any other person. Burns Bair has not entered into any agreement to fix fees or to share compensation as prohibited by 18 U.S.C. § 155 and 11 U.S.C. § 504.

**EXPENSES**

21. In addition to the fees incurred above, Burns Bair has incurred actual and necessary expenses during the Interim Fee Period in the total amount of $772.10.

22. All expenses for which reimbursement is sought were incurred on behalf of the Committee and no other person.

23. Reimbursement, if allowed in full, will not exceed the amount that Burns Bair paid for the items designated in the expense itemization.

**LEGAL BASIS**

24. This Court is authorized to award to professional persons employed by section 1103 of the Bankruptcy Code which states "reasonable compensation for actual, necessary services rendered by the … attorney[s] and by any paraprofessional person[s] employed by any such person, and … reimbursement for actual, necessary expenses." 11 U.S.C. § 330. The Court must consider the nature, extent, and value of such services, taking into account all relevant factors to determine whether the request for payment in connection with such services is fair and reasonable. *Id*. The services Burns Bair provided during the Interim Fee Period were actual, reasonable, and necessary services on behalf of the Committee, and the fees and expenses requested in this Application are fair and reasonable under the circumstances of this case.

**NOTICE**

25. Notice of this Interim Application has been provided to the Notice Parties as set forth in the Interim Compensation Order. Burns Bair submits that, in view of the facts and circumstances of the Chapter 11 Case, such notice is sufficient and no other or further notice need be provided.

# CONCLUSION

WHEREFORE, Burns Bair LLP respectfully requests that the Court enter an order, substantially in the form of **Exhibit 2**: (i) granting the Application; (ii) allowing Burns Bair's fees for the Interim Fee Period in the amount of $32,030.00 and Burns Bair's expenses for the Interim Fee Period in the amount of $772.10; (iii) authorizing and directing the Debtor to pay Burns Bair its allowed fees and expenses; and (iv) granting such other relief as is just and proper.

Dated: January 12, 2024

Respectfully submitted,

*/s/ Timothy W. Burns*
Timothy W. Burns, *Admitted Pro Hac Vice*

*Special Insurance Counsel for the Official Committee of Unsecured Creditors*